SERGIO S. PEÑA ALMODÓVAR, Petitioner and Appellant, v. RAFAEL TORRECH, JR., MAYOR OF THE MUNICIPALITY OF BAYAMÓN, Respondent and Appellee.

No. 9506. Argued November 7, 1947.—Decided December 12, 1947.

*Gilberto Concepción de Gracia* and *José L. Feliú Pesquera* for appellant. *José R. Fournier* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

On January 30 of the current year, the District Court of Bayamón discharged a writ of certiorari which it had issued against Rafael Torrech, Jr., as Mayor of the Municipality of Bayamón.

The petitioner now urges on appeal that said court erred (1) in "holding that until the Municipal Assembly of Bayamón acts rejecting or ratifying an appointment, the Mayor has power to withdraw, set aside, or annul any appointment made by him, and in declaring that this power is not limited by the provisions of § 28 of the Municipal Law in force"; and (2) in "imposing the payment of costs on the petitioner."

The record shows that on August 27, 1946, the respondent appointed Dr. Sergio S. Peña Almodóvar to the office of Health Director of the Municipality of Bayamón; that the appointment became effective on that same day; and that on November 18 following, the respondent addressed a communication to Dr. Peña stating that "since the Hon. Municipal Assembly of Bayamón has not confirmed your appointment up to this date, said appointment is a recess appointment which the law empowers me to withdraw at any time, and therefore I hereby revoke it . . . ."

The contention of the petitioner is not correct. Section 28 of Act No. 53 of April 28, 1928 (Laws of 1928, p. 334), as amended by Act No. 253 of April 1, 1946 (Laws of 1946, pp. 504, 514), provides that the Health Director is one of the municipal administrative officers and that "the mayor may appoint administrative officers when the municipal assembly is not in session, and said officers shall hold their offices until the municipal assembly shall meet in regular or special session and confirm their appointments."

The power to designate the officers who, jointly with the mayor, assume the responsibilities of the government that

he directs, is one of the highest prerogatives granted to the mayor, and, although under the statutory provision mentioned above, he is the person authorized to appoint the municipal administrative officers, however, where, as in the present case, he makes an appointment while the municipal assembly is not in session, the officer thus appointed shall hold his office until the assembly meets. The nomination by the mayor is only the initial step and the appointment becomes complete, when the same is confirmed by the assembly and the commission is issued by the mayor.[1] A nomination of this sort has always been designated as a recess appointment. And it is a well-known principle that before a recess appointment is confirmed by the legislative body called upon to act in connection therewith, it may be withdrawn at any time by the nominating power. This question seems so clear to us that we deem it unnecessary to cite any supporting decisions. The situation is entirely analogous to the one which arises when the Legislature is not in session and the Governor makes an appointment which requires the advice and consent of the Senate. *Broadwater* v. *Booth,* 180 S.E. (W. Va.) 180, 181. Under these circumstances, it is unquestionable that the respondent mayor could withdraw the nomination made in favor of the petitioner.

█ In the lower court, as well as in this Court, the appellee has insistently maintained that the proceeding instituted by Dr. Peña should have been dismissed, as certiorari does not lie to review the action of a mayor in removing from office a municipal officer. Indeed, we are not aware of any Act or statutory provision which authorizes the issuance of a writ of certiorari to review such action of a municipal executive. This Court has repeatedly held otherwise. *Fernández* v. *Pavía,* 42 P.R.R. 740, and cases cited at page 746.[2] Regarding this particular, § 29 of the Municipal Act, as amended by Act No. 288 of April 9, 1946 (Laws

---

[1] See *Brumby* v. *Boyd,* 66 S.W. (Tex.) 874, 877; McQuillin, Municipal Corporations, vol. 2, revised, 2d edition, § 484, p. 175.

[2] Cf. *Peña* v. *Flores,* 58 P.R.R. 773.

of 1946, pp. 674, 678), provides that *"The municipal administrative officers and employees shall be removed from office only by the mayor, from whose decision the prejudiced officer or employee may take an appeal,* which shall be the only one allowed, *to the corresponding district court,* . . . and *none of the parties can appeal* from the judgment of the district court deciding the points raised." (Italics ours.) That being so, the writ of certiorari should not have been issued by the lower court.

██ As regards the second error assigned, the question is so clear that it hardly needs discussion. It will suffice to repeat what we stated on this point in *Colón* v. *Asociación Cooperativa Lafayette, ante* pp. 250, 251, thus: "Since the taking effect of Act No. 94 of May 11, 1937 (Laws of 1936–37, p. 229), the imposition of costs on the defeated party is mandatory." The petitioner seems to have confused the award of attorney's fees with the imposition of costs. For the former it is necessary that there should have been obstinacy. It is otherwise as to the imposition of costs.

The judgment appealed from should be affirmed.